FILED
2021 SEP 28 PM 2:11
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **CHRISTINA JOANN DAVIES,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KILOLO KIJAKAZI,**[1]<br>**Acting Commissioner of Social Security,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:20-cv-00588-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[2] Before the court is Plaintiff Christina Joann Davies's ("Ms. Davies") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Ms. Davies was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary in this case. Based upon the analysis set forth below, the Commissioner's decision is reversed and remanded.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), she has been substituted for Commissioner Andrew M. Saul as the Defendant in this action. ECF No. 24.

[2] ECF No. 12.

[3] 42 U.S.C. §§ 401-434.

## PROCEDURAL BACKGROUND

Ms. Davies alleges disability due to various physical and mental impairments. In October 2016, Ms. Davies applied for DIB.[4] Ms. Davies's application was denied initially[5] and upon reconsideration.[6] On July 15, 2019, Ms. Davies appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[7] Shortly thereafter, the ALJ issued a written decision denying Ms. Davies's claim for DIB.[8] Ms. Davies appealed the adverse ruling, and, on June 18, 2020, the Appeals Council denied her appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] On August 18, 2020, Ms. Davies filed her complaint in this case seeking review of the Commissioner's final decision.[11]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence,

---

[4] ECF No. 16, Administrative Record ("AR ___") 166-69.

[5] AR 60.

[6] AR 78.

[7] AR 31-59.

[8] AR 10-30.

[9] AR 1-6.

[10] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[11] ECF No. 2.

[12] *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards of review apply to the ALJ's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.
> . . . .

---

[13] 42 U.S.C. § 405(g).

[14] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[17] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. § 404.1520(a)(4).

> Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . .[19]

At the fourth step, the claimant must show, given her residual functional capacity ("RFC"), that the impairment prevents performance of her "past relevant work."[20] "If the claimant is able to perform [her] previous work, [she] is not disabled."[21] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[22]

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."[23] At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience."[24] If it is determined that the claimant "can make an

---

[19] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(iii).

[20] 20 C.F.R. § 404.1520(a)(4)(iv).

[21] *Williams*, 844 F.2d at 751.

[22] *Id.*

[23] *Id.*

[24] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

4

adjustment to other work," she is not disabled.[25] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[26]

## ANALYSIS

Ms. Davies argues, *inter alia*, that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in his RFC determination and, consequently, in the hypothetical posed to the vocational expert ("VE"), and, as a result of those errors, the ALJ erred by relying on the flawed RFC determination and the VE's testimony to conclude that Ms. Davies could perform her past relevant work.[27] As demonstrated below, the court agrees with Ms. Davies's arguments, and, therefore, the ALJ's decision is not supported by substantial evidence. Accordingly, the court reverses the Commissioner's decision and remands this case for further proceedings.

I. **The ALJ Erred in His RFC Determination and in the Hypothetical Posed to the VE, and, Consequently, the ALJ Erred by Concluding That Ms. Davies Could Perform Her Past Relevant Work.**

The ALJ erred in his RFC determination and in the hypothetical given to the VE in the following two ways: (A) by failing to explain why he did not include an environmental limitation for restroom proximity in either Ms. Davies's RFC or the hypothetical posed to the VE; and

---

[25] 20 C.F.R. § 404.1520(a)(4)(v).

[26] *Id.*

[27] These arguments are dispositive of Ms. Davies's appeal because they mandate reversal and remand. Accordingly, the court "will not reach the remaining issues raised by [Ms. Davies] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Gilbert v. Astrue*, 231 F. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach the remainder of [the plaintiff's] claims on appeal . . . .").

(B) by failing to include any mental functional limitations in either the RFC or the hypothetical given to the VE. The court addresses each of those issues in turn below.

> A. **The ALJ Erred by Failing to Explain Why He Did Not Include an Environmental Limitation for Restroom Proximity in either the RFC or the Hypothetical Posed to the VE.**

The ALJ failed to explain why he did not include an environmental limitation for restroom proximity in either the RFC or the hypothetical posed to the VE. When determining a claimant's RFC, the ALJ "must always consider and address medical source opinions."[28] "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[29] Although "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity,"[30] the United States Court of Appeals for the Tenth Circuit has "repeatedly held that '[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.'"[31] Additionally, "[w]hen an ALJ gives a physician's medical opinion 'great weight' but disregards specific findings, the ALJ is required to explain why he or she did not rely on the specific findings that were disregarded."[32]

---

[28] Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

[29] *Id.*

[30] *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

[31] *Id.* at 1292 (alteration in original) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)).

[32] *Hainline v. Berryhill*, No. 1:17-CV-00034, 2017 WL 4990563, at *3 (D. Utah Oct. 31, 2017) (citing *Martinez v. Astrue*, 422 F. App'x 719, 725 (10th Cir. 2011) ("To be sure, the ALJ may

Here, the ALJ gave great weight to the state agency consultants' opinions about environmental limitations,[33] and both of those consultants opined that Ms. Davies would need to work close to a restroom.[34] However, the ALJ did not, as required, explain why he rejected that limitation. Thus, the ALJ's RFC assessment and VE hypothetical directly contradict opinions the ALJ found persuasive. That error requires reversal and remand.[35]

Despite the foregoing, the Commissioner argues that the ALJ's failure to include a limitation for restroom proximity in Ms. Davies's RFC and the VE hypothetical was harmless error. Specifically, the Commissioner contends that because the ALJ determined that Ms. Davies could perform her past relevant work as a radiographer, it necessarily follows that she would be near a restroom because those positions work exclusively in a hospital or medical office. The Commissioner also maintains that the ALJ addressed Ms. Davies's need for restroom proximity when he discussed evidence from the record indicating that Ms. Davies had only intermittent bowel-related problems, and she experienced improvement with treatment. Those arguments fail because they are nothing more than an attempt at post-hoc rationalization of the ALJ's decision that is not apparent on the face of the decision.[36] Indeed, nowhere in the ALJ's decision does he

---

have had his reasons for giving portions of [the doctor's] opinion great weight, but then disregarding other, probative portions of her opinion. However, before doing so, the ALJ was required to discuss why he ignored this evidence.") (quotations and citation omitted)).

[33] AR 23.

[34] AR 73, 91.

[35] *Martinez*, 422 F. App'x at 725; *Hainline*, 2017 WL 4990563, at *3.

[36] *Haga*, 482 F.3d at 1207-08 (holding that the "court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision

specifically address the need for restroom proximity. Therefore, the court cannot find any basis on which to find that the ALJ considered this important fact, or why it would not adversely impair Ms. Davies's ability to perform her past relevant work.

>   B.  **The ALJ Erred by Failing to Include Any Mental Functional Limitations in either the RFC or the Hypothetical Given to the VE.**

The ALJ determined that Ms. Davies had a "mild limitation" in "concentrating, persisting, or maintaining pace."[37] However, the ALJ did not include any mental functional limitations in either Ms. Davies's RFC or the hypothetical posed to the VE. The ALJ erred by failing to do so, which provides an alternative basis for reversal and remand.

In formulating a claimant's RFC, the ALJ must account for all functional limitations resulting from the claimant's impairments.[38] Additionally, the Tenth Circuit has held that "[t]estimony elicited by hypothetical questions [posed to a VE] that do not relate with precision

---

itself"); *Grogan v. Barnhart,* 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."); *Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004) ("Two considerations counsel a cautious, if not skeptical, reception to [harmless error]. First, if too liberally embraced, it could obscure the important institutional boundary . . . that courts avoid usurping the administrative tribunal's responsibility to find the facts. Second, to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action . . . .").

[37] AR 16.

[38] 20 C.F.R. § 404.1545(a)(2) (providing that the ALJ must "consider all of [a claimant's] medically determinable impairments . . . , including [the claimant's] medically determinable impairments that are not 'severe,'" when assessing the claimant's RFC); SSR 96-8p, 1996 WL 374184, at *5 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

all of a claimant's impairments cannot constitute substantial evidence to support the [ALJ]'s decision.[39]

As noted above, the ALJ determined that Ms. Davies had a "mild limitation" in "concentrating, persisting, or maintaining pace."[40] However, the ALJ's RFC assessment does not contain any of those limitations or other mental functional limitations. Additionally, the ALJ's lone hypothetical to the VE posited:

> Please assume a hypothetical individual, same age, education and work history as the claimant. The person could lift and/or carry 20 pounds occasionally, ten pounds frequently, stand and/or walk for about six hours in an eight-hour day and sit for about six. The person could frequently climb ramps and stairs, but never ladders, ropes or scaffolds, could occasionally balance and crawl, frequently stoop, kneel and crouch. The person should have only occasional exposure to extreme cold and extreme heat and irritants such as fumes, odors, dust, gases, poorly ventilated areas. The person should avoid all exposure to hazardous machinery and unprotected heights. . . . Could such a person perform the claimant's past work?[41]

Conspicuously absent from this hypothetical are any mental functional limitations for concentrating, persisting, or maintaining pace. Consistent with the authorities referenced above, this lack of precision in the ALJ's RFC assessment and in the hypothetical given to the VE requires reversal and remand.

---

[39] *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quotations and citation omitted).

[40] AR 16.

[41] AR 54-55.

## CONCLUSION AND ORDER

Because the ALJ's RFC determination and VE hypothetical were flawed in the two ways described above, the ALJ's conclusion that Ms. Davies's RFC did not preclude her from performing her past relevant work cannot be supported by substantial evidence, which requires reversal and remand.[42] Therefore, IT IS HEREBY ORDERED that the Commissioner's decision is REVERSED AND REMANDED.[43]

IT IS SO ORDERED.

DATED September 28, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[42] *See, e.g.*, *Pieratt v. Barnhart*, No. 04-2358-JWL, 2005 WL 679089, at *2-11 (D. Kan. Mar. 24, 2005) (concluding that the ALJ erred in the RFC assessment and that "it necessarily follows that the ALJ's . . . determination that plaintiff could perform her past relevant work is unsupported by substantial evidence"); *Clardy v. Barnhart*, No. 03-2347-JWL, 2004 WL 737486, at *3-7 (D. Kan. Apr. 5, 2004) (same).

[43] As an alternative to reversing and remanding this case, Ms. Davies requests that the court simply reverse and order an award of benefits. The Tenth Circuit has stated that "[w]hen a decision of the [Commissioner] is reversed on appeal, it is within th[e] court's discretion to remand either for further administrative proceedings or for an immediate award of benefits." *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In deciding the appropriate remedy, the court considers both "the length of time the matter has been pending and whether or not[,] given the available evidence, remand for additional fact-finding would serve [any] useful purpose [or] would merely delay the receipt of benefits." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (second alteration in original) (quotations and citations omitted). Those considerations do not warrant an immediate award of benefits here. This matter has not been pending for an inordinate amount of time, and remand would serve a useful purpose by allowing the ALJ to properly consider the evidence and determine whether to award benefits. Accordingly, the court reverses and remands, rather than ordering an immediate award of benefits.